UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GREGORY W BOONE** | **CASE NO. 2:21-CV-03709** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **G 4 S SECURE SOLUTIONS U S A INC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Judgment on the Pleadings [doc. 17] filed by defendant GS4 Secure Solutions USA, Inc. ("GS4") and seeking dismissal of plaintiff's claim for violation of the Family and Medical Leave Act. The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from plaintiff's termination by GS4. Plaintiff alleges that he was employed by GS4 as a security guard in Westlake, Louisiana, when he was injured on the job in a car accident on January 15, 2020. Doc. 1, att. 2, ¶¶ 4–5. Due to his injuries, plaintiff stopped going to work on February 10, 2020, and states that he has been treating continuously since that time. *Id.* at ¶¶ 6–7. Despite submitting FMLA and worker's compensation paperwork, he asserts that GS4 terminated him on September 15, 2020, and has failed to pay him benefits and compensation due. *Id.* at ¶¶ 8–9.

Plaintiff filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on September 16, 2021. There he claimed that his termination violated the

FMLA and the anti-retaliation provisions of the Louisiana Worker's Compensation Act. *Id.* at ¶¶ 12–14. GS4 removed the suit to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It then filed an answer and affirmative defenses, and now moves for judgment on the pleadings on the FMLA claim on the grounds that plaintiff has failed to show that he is an eligible employee under that statute. Docs. 6, 17. Plaintiff has filed no response and his time for doing so has passed.[1] Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Rule 12(c) Standard

GS4 brings this motion under Federal Rule of Civil Procedure 12(c), which allows a party to move for judgment "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as that applied to a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

---

[1] Plaintiff's counsel has also failed to call into the last two scheduling conferences set by the court. Docs. 15, 16.

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

    **B. Application**

The Family and Medical Leave Act provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12 month period for one or more of" several conditions, including serious health conditions, the birth or adoption of a child, or care of a family member with a serious health condition. 29 U.S.C. § 2612(a)(1). To qualify as an "eligible employee" under the FMLA, an employee must have been employed "for at least 12 months by the employer with respect to whom leave is requested." 29 U.S.C. § 2611(2)(A). A prima facie case of interference under the FMLA therefore requires that the plaintiff allege that he was an eligible employee entitled to leave under that statute. *Olivarez v. T-Mobile USA Inc.*, 2020 WL 5269754, at *2 (S.D. Tex. June 9, 2020). Here plaintiff does not allege the date his employment with GS4 began, and so the court has no way of determining his potential eligibility. He therefore fails to state a claim for violation of the FMLA. Given his failure to file a response, the court also sees no need to grant leave to amend before dismissing the claim.

## III.
### CONCLUSION

For the reasons stated above, the Motion for Judgment on the Pleadings [doc. 17] will be granted and plaintiff's claim under the FMLA will be dismissed with prejudice. The state law claim remains pending before the court.

**THUS DONE AND SIGNED** in Chambers this 15th day of June, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**